UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                    Case No. 12-31365 -DHW
                                                          Chapter 13
JOHN WAYNE JARMAN,

       Debtor.
_____

JOHN WAYNE JARMAN,

       Plaintiff,

v.                                                        Adv. Proc. 14-03068-DHW

GULFINANCE, LLC,

       Defendant.

## MEMORANDUM OPINION

Before the court is Gulfinance, LLC's ("Gulfinance") motion to dismiss the plaintiff's first amended complaint contending that the complaint fails to state a claim upon which relief may be granted. For the following reasons, the motion to dismiss will be granted.

### Jurisdiction

The court's jurisdiction in this matter is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the bankruptcy court. *See* General Order of Reference [of] Bankruptcy Matters (M.D. Ala. April 25, 1985). Further, because the underlying complaint alleges a violation of the automatic stay, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) thereby extending this court's jurisdiction to the entry of a final order or judgment.

Plaintiff's Version of Facts

Plaintiff ("Jarman") filed a voluntary, chapter 13 petition for relief in this court on June 4, 2012. Accompanying that petition, in Schedule F, Jarman listed Gulfinance as the holder of an unsecured, nonpriority claim for $3,485.80. On June 7, 2012, notice of Jarman's bankruptcy filing was mailed to Gulfinance.

Jarman's debt to Gulfinance arises out of an Insurance Premium Finance Agreement ("Finance Agreement") for general liability insurance for Jarman's construction company. Jarman owned and operated Jarman Construction Company, a sole proprietorship.

The first page of the Finance Agreement, which was prepared entirely by Gulfinance, identifies the borrower as Ann Jarman, who is the plaintiff Jarman's wife. The Finance Agreement identifies Ann Jarman as one doing business as Jarman Construction. Ann Jarman, however, has never been a partner in Jarman Construction Company.

Jarman failed to realize that his wife had been shown on the Finance Agreement as the borrower, and he signed the agreement on a line designated for the insured's signature. Ann Jarman never signed the agreement.

On May 8, 2012, prior to Jarman's filing bankruptcy, Gulfinance filed a collection suit against Ann Jarman in the District Court of Montgomery County, Alabama seeking $4,531.54 plus cost. Gulfinance refused to stay the collection suit after learning of Jarman's bankruptcy and after being given notice that the debt was the sole obligation of Jarman and not that of his wife Ann. On September 24, 2012, and after Jarman's bankruptcy filing, Gulfinance was granted a default judgment against Ann Jarman in the amount of $5,041.50.

In an effort to collect the default judgment, Gulfinance issued process of garnishment of Ann Jarman's salary at the Dallas County, Alabama Board of Education. Through that garnishment, Gulfinance collected $4,958.40 from Ann Jarman's earnings.

## Jarman's Contentions

In this adversary proceeding, Jarman maintains that Gulfinance has willfully violated the automatic stay of § 362 by suing his wife in an effort to coerce him into paying a prepetiton debt. According to Jarman, he was placed in the position of either paying the discharged debt to Gulfinance or defending the suit in state court, which he lacked the financial ability to do.

## Gulfinance's Contentions

Gulfinance asserts that it did not violate the automatic stay because it never took action against the debtor Jarman or against Jarman's estate's property. Instead, it sued Jarman's wife, Ann, who was listed in the Finance Agreement as the insured and the party to the agreement. Because no action was taken to recover Jarman's prepetition debt from either his property or property of his estate, Gulfinance maintains that it did not violate the automatic stay and that the adversary proceeding should be dismissed for failure to state a claim upon which relief may be granted.

## Conclusions of Law

In considering a motion to dismiss under F.R.C.P. 12(b)(6), the court accepts all of the plaintiff's well-pleaded factual allegations as true and construes them in his favor. *Lopez v. First Union Nat. Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997). Therefore, to survive a motion to dismiss, the complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The claim is plausible when the facts alleged are "enough to raise a right to relief above the speculative level....." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

The filing of a bankruptcy petition operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case...." 11 U.S.C. § 362(a)(6). Further, the bankruptcy filing stays the "commencement or continuation .... of a judicial .... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

As a rule, the automatic stay covers only acts against the debtor or property of the debtor's estate. Absent unusual circumstances, the stay does not reach to preclude acts against non-debtor, third parties. *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009) (stating that "[a]s a general rule, the automatic stay protects only the debtor, property of the debtor or property of the estate. The stay 'does not protect non-debtor parties or their property.'" *Chugach Forest Prods., Inc. V. Northern Stevedoring & Handling Corp.*, 23 F.3d 241, 246 (9th Cir. 1994)(internal citations omitted)), *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007) (noting that the automatic stay generally only applies to the debtor absent "unusual circumstances"), *Reliant Energy Servs., Inc., v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (stating that there is "rarely . . . a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001)), *McCartney v. Integra Nat. Bank North*, 106 F.3d 506, 509-10 (3d Cir. 1997) (noting that it is "universally acknowledged that the automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with similar legal or factual nexus to the . . . debtor." *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991)), and *In re Jefferson County, Ala.*, 491 B.R. 277, 287 (Bankr. N.D. Ala. 2013) (citing the Fourth Circuit for the limited exception of unusual circumstances such as "when there is an such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *A.H. Robins Co., Inc., v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

Thus, Jarman's bankruptcy, the filing of which operated as a stay against him or his estate's property, did not reach to his wife, Ann Jarman. *See, e.g., In re Rushing*, 443 B.R. 85, 100 (E.D. Tex. 2010)(non-debtor spouse not within zone of interests that § 362 stay was meant to protect); *In re Siskin*, 231 B.R. 514, 519 (Bankr. E.D.N.Y. 1999)(non-debtor spouse not protected by § 362 stay issued for the protection of debtor/husband).

Ann Jarman could have defended Gulfinance's suit in state court if she believed that she was not liable under the Finance Agreement or had any other defense to the claim. Since she did not, her remedy, if any, now lies in state court seeking relief from that court's default judgment. This court will not

allow the state court's judgment to be collaterally attacked here.

Jarman's counsel cites the court to the holding the First Circuit Bankruptcy Appellate Panel in *Lumb v. Cimenian (In re Lumb)*, 401 B.R. 1 (B.A.P. 1st Cir. 2009). In that case, Lumb and Cimenian were involved in a business partnership which had an interest in real estate. Lumb granted a mortgage on the partnership property and then, sold the property without giving any of the profits to Cimenian. Thereafter, Lumb filed a chapter 7 bankruptcy petition.

While Lumb's bankruptcy case was proceeding but before he had been given a discharge, Cimenian's attorney sent a letter to Lumb's attorney stating, "[p]lease advise if your client wishes to resolve the matters consistent with our recent conversation on January 31, 2002. [Cimenian] intends to pursue his claims against [the debtor's wife] immediately unless a resolution is reached this weekend." *Id.* at 3.

Later, Cimenian filed suit against Lumb's wife in state court. At trial, the state court found that Cimenian's claims were "baseless, frivolous, and without merit," that "[t]here [were] not good grounds to support [Cimenian's] case and that it was [intended] to harass [the debtor]. . . ." *Id.* at 3.

Lumb filed a complaint in the bankruptcy court contending that by filing suit against his wife, Cimenian had violated the discharge injunction of § 524. The bankruptcy court granted Cimenian's motion to dismiss for failure to state a claim upon which relief could be granted.

On appeal, the Appellate Panel reversed the bankruptcy court. The panel found that "[a] creditor violates the discharge injunction (or automatic stay) when it (1) has notice of the debtor's discharge (or, in the case of the automatic stay, has notice of the bankruptcy filing); (2) intended the actions which constituted the violation; and (3) acts in a way that improperly coerces or harasses the debtor." *Id*. at 6. According to the panel, "[a]n action is coercive where it is tantamount to a threat or places the debtor 'between a rock and hard place in which he would lose either way.'" *Id.* at 7 (quoting *Diamond v. Premier Capital, Inc. (In re Diamond)*, 346 F.3d 224, 227-28 (1st Cir. 2003)). Lastly, the panel held that the determination of whether the creditor's action had a coercive effect upon the debtor is "fact specific and made on a case by case basis, as the line between forceful negotiation and improper coercion is not always clear." *Id.* at 7.

The case before this court differs factually in an important way from that before the appellate panel in *Lumb*. In both cases the creditor sued the debtor's spouse in state court seeking to collect a debt made prepetition. The difference is that in the *Lumb* case the debtor's wife successfully defended in the state court action. Not only did she prevail in her defense, but she was awarded attorney fees when the state court found that the creditor's action was baseless and brought for the purpose of harassing the debtor. *Id.* at 4. In the case before this court, Jarman's wife did not defend in state court. While Jarman's wife did not sign the Finance Agreement that formed this prepetition debt, her name appears on that document wherein she is denominated as the borrower. By failing to defend and with the entry of default, Jarman's wife effectively admitted to the facts alleged in the state court complaint. *See Martin v. Cash Exp., Inc.*, 60 So. 3d 236, 250, 252 (Ala. 2010), and *Gibson v. Elba Exchange Bank*, 96 So. 2d 756, 759 (Ala. 1957). Certainly, there is nothing before this court to indicate that the state court suit by Gulfinance was baseless, frivolous, without merit, and brought for the sole purpose of harassing the debtor, Jarman.

Finally and with respect to the 1st Circuit Bankruptcy Appellate Panel, the undersigned is not convinced that the holding in *Lumb* is a correct one. As earlier noted, the debtor is the beneficiary of the automatic stay, not the debtor's spouse absent special circumstances not present here or seemingly in *Lumb*. Therefore, the debtor's bankruptcy should have no affect upon creditor's pursuit of the debtor's spouse. However, the *Lumb* panel found that the suit against the debtor's spouse was a coercive action against the debtor. It was one, according to the panel, that placed the debtor between a rock and a hard place where the debtor could not win either way. This court disagrees. The debtor in *Lumb* was not placed in a no win situation. Rather, he enjoyed a discharge of the debt through his bankruptcy. That his spouse was being sued, with or without just cause, did nothing to place Lumb in an untenable and no win predicament.

Conclusion

For the reasons stated here, the defendant's motion to dismiss this adversary proceeding pursuant to F.R.C.P. 12(b)(6) will be granted by separate order.

Done this the 19th day of September, 2014.

                                            /s/ Dwight H. Williams, Jr.
                                            United States Bankruptcy Judge

c:    Paul D. Esco, Plaintiff's Attorney
      Anthony B. Bush, Plaintiff's Attorney
      Constance C. Walker, Defendant's Attorney